# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10220
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HACKLER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-201-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

William Hackler pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B) (Count 1), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)(A) and 18 U.S.C. § 924(a)(2) (Count 2). He was sentenced below the advisory guidelines range of 360-600 months to 240 months of imprisonment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10220

on Count 1 and 120 months of imprisonment on Count 2, to run concurrently, and four and three years of supervised release, also to be served concurrently.

Hackler argues, based on *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), that his sentence violated his Sixth Amendment right to a trial by jury and his Fifth Amendment right to proof beyond a reasonable doubt and to indictment. He contends that the district court was not entitled to increase his sentence above the maximum that would be reasonable if the court were considering only those facts admitted by the defendant or proven to a jury. The facts of concern to Hackler are those pertaining to the district court's findings that he was accountable for more than 22 kilograms of methamphetamine, that he possessed the firearm in connection with drug trafficking, and that he created a danger to others during flight from arrest.

If a defendant fails to object to an error at sentencing, this court will review the district court's actions for plain error only. *Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92, 394 (5th Cir. 2007) (requiring objection to substantive and procedural unreasonableness of sentence to preserve error). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett*, 556 U.S. at 135. If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. Hackler concedes that the plain error standard of review applies because he did not preserve this issue by objection in the district court.

In *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), *petition for cert. filed* (Mar. 19, 2014) (No. 13-1152), we specifically rejected the defendant's argument that *Alleyne* mandated that any fact that increased a defendant's minimum sentence must be found by a jury. We stated that *Alleyne* "applies

only to facts that increase a statutory mandatory minimum sentence." 738 F.3d at 693; *see also United States v. St. Junius*, 739 F.3d 193, 213 n.23 (5th Cir. 2013) (declining "to extend *Alleyne's* holding" to the application of the two-level abuse of trust enhancement in U.S.S.G. § 3B1.3 of the guidelines because the "enhancement does not give rise to a mandatory minimum sentence").

The district court did not find any facts that increased Hackler's statutory mandatory minimum sentence. His conviction on Count 1, possession with intent to distribute methamphetamine, carried a statutory mandatory minimum of five years and a maximum of 40 years. § 841(a)(1) & (b)(1)(B)(viii). Hackler stipulated and agreed that, as charged in Count 1 of the indictment, he possessed with the intent to distribute at least five grams of methamphetamine, the amount of methamphetamine required to place him within the statutory sentencing range of five to 40 years. At his guilty-plea hearing, Hackler admitted the facts as charged in the indictment and as stated in the stipulated factual resume, including the fact that he possessed at least five grams of methamphetamine. Hackler has not shown any error, much less plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.